UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------x

CYNTHIA L. ALLEN,

                Plaintiff,

    - against -

COMMISSIONER OF SOCIAL SECURITY,

                Defendant.

------------------------------------------------------------x

USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: 4/30/12

**REPORT AND RECOMMENDATION TO THE HONORABLE LORETTA A. PRESKA**

10 Civ. 0068 (LAP) (FM)

**FRANK MAAS**, United States Magistrate Judge.

      After the plaintiff filed this Social Security disability case pro se, (see ECF No. 2), attorney Lisa George ("Ms. George," or "counsel") entered a notice of appearance on the plaintiff's behalf on March 30, 2010 (ECF No. 5). At the request of both sides, Judge Holwell then directed that the case be remanded to the Commissioner of Social Security pursuant to the fourth sentence of 42 U.S.C. § 405(g), (ECF No. 9), and the Clerk of the Court entered a judgment to that effect on June 22, 2010 (ECF No. 10). Following the remand, on February 25, 2011, the Commissioner found that the plaintiff was disabled within the meaning of the Social Security Act ("Act"). (Affirm. of Ms. George, dated Mar. 16, 2011 ("George Affirm."), Ex. B).

      By notice of motion dated March 16, 2011 (ECF No. 12), counsel now seeks to recover attorney's fees under three separate statutory provisions: the Equal Access to Justice Act ("EAJA"), 28 U.S.C. § 2412(b); 42 U.S.C. § 406(a) ("Subsection (a)"); and 42 U.S.C. § 406(b) ("Subsection (b)"). Counsel acknowledges that if she

recovers her fees under both the EAJA and Subsection (b), the smaller of the two awards must be disgorged to the plaintiff. Recognizing that her motion was filed more than eight months after the entry of judgment in this case, counsel also seeks relief, to the extent necessary, under Rule 60(b) of the Federal Rules of Civil Procedure. For the reasons set forth below, counsel's motion should only be granted to the extent of permitting her to recover attorney's fees in the amount of $2,141 under Subsection (b), less any fees that she recovered pursuant to Subsection (a).

I. Discussion

    A. Subsection (a)

Subsection (a) authorizes a plaintiff to recover "a reasonable fee" for services that have been rendered by counsel in connection with administrative proceedings before the Social Security Administration ("SSA"). See 42 U.S.C. § 406(a)(1); 20 C.F.R. §§ 404.1720, 404.1725, 404.1730. The SSA determines the fee, but either the plaintiff or the plaintiff's counsel may seek review by another SSA official if dissatisfied with the SSA's decision. 20 C.F.R. § 404.1720(d).

In this case, the retainer agreement between the plaintiff and counsel, dated February 29, 2009, provides for counsel to be paid the lesser of $5,300 or twenty-five percent of the past-due benefits. (George Affirm. Ex. A). The agreement further provides that counsel may ask the SSA to increase her fee should she be required to represent the plaintiff before the SSA Appeals Council or in federal court. (Id.). Based on the latter provision, on February 25, 2011, Administrative Law Judge ("ALJ")

2

Kenneth G. Levin disapproved the fee arrangement between the plaintiff and counsel. (Id. Ex. B). On September 1, 2011, the Regional Chief ALJ reversed that decision, finding that the agreement met the Act's requirements. (Letter to the Court from Ms. George, dated Oct. 18, 2011, Ex. A). The Regional Chief ALJ's order noted, however, that he "neither approve[d] or [disapproved] of any other aspect of [her] fee arrangement." (Id.).

It is unclear whether the Commissioner thereafter awarded counsel any fees for her representation of the plaintiff before the SSA. Assuming that there was such an award, this Court plainly lacks jurisdiction to review it under Subsection (a). See, e.g., 42 U.S.C. § 406(a)(3)(C) ("The decision of the administrative law judge or other person conducting the review shall not be subject to further review."); Brussell v. Sullivan, 887 F.2d 170, 171 (8th Cir. 1989), cert. denied 494 U.S. 1027 (1990); Morris v. Soc. Sec. Admin., 689 F.2d 495, 497 (4th Cir. 1982) ("The Secretary alone is empowered to make awards for services rendered in agency proceedings.").

B.   EAJA

The EAJA creates an exception to sovereign immunity that permits a prevailing party to recover its attorney's fees in suits brought by or against the United States. Kerin v. U.S. Postal Serv., 218 F.3d 185, 189 (2d Cir. 2000). The EAJA requires that a party seeking such an award submit its application "within thirty days of final judgment." 28 U.S.C. § 2412(d)(1)(B). Here, as noted, judgment was entered on June 22, 2010. (ECF No. 10). That judgment against a federal agency became final sixty days

3

later, i.e., on August 23, 2010, because no appeal was filed. See Fed. R. App. P. 4(a)(B)(ii). Nevertheless, counsel's application for legal fees first was filed on March 16, 2011. (ECF No. 12). It therefore is clear that counsel failed to meet the EAJA statutory filing deadline.

    1.    Equitable Tolling

Courts have found that the thirty-day EAJA time limit is not jurisdictional and may be subject to equitable tolling. See, e.g., Townsend v. Comm'r of Soc. Sec., 415 F.3d 578, 583 (6th Cir. 2005). Equitable tolling is appropriate in cases in which "the Plaintiff 'actively pursued judicial remedies,' or . . . some factor 'prevented [the Plaintiff] from proceeding in a timely fashion.'" Martino v. Astrue, No. 07-CV-0941, 2009 WL 81296, at *2 (N.D.N.Y. Jan. 9, 2009) (quoting Zerilli-Edelglass v. N.Y.C Transit Auth., 333 F.3d 74, 80 (2d Cir. 2003)).

Here, counsel failed to pursue a judicial remedy actively and there is no suggestion that any factors outside of her control prevented her from doing so. Indeed, the only explanation offered by counsel for her failure to file her fee application in a timely manner is that it was her "understanding that Plaintiff's Motion for Attorney's Fees could be filed within 30 days of a fully favorable decision issued by the defendant Commissioner." (George Affirm. ¶ 21) (emphasis added). The Supreme Court expressly rejected this notion, however, nearly two decades before counsel's fee application was filed. See Shalala v. Schaefer, 509 U.S. 292, 298 (1993) ("In sentence four cases, the filing period begins after the final judgment . . . is entered by the court and the appeal

period has run, so that the judgment is no longer appealable.") (quoting Melkonyan v. Sullivan, 501 U.S. 89, 102 (1991)); see also id. at 297 ("Nor is it possible to argue that the judgment authorized by sentence four, if it includes a remand, does not become a 'final judgment' . . . upon expiration of the time for appeal. If that were true, there would never be any final judgment in cases reversed and remanded for further agency proceedings.").

Had counsel researched this issue, she would have learned that her EAJA fee application could be timely only if it was filed within thirty days of the judgment becoming unappealable. In view of the established case law to that effect, counsel has failed to demonstrate a basis for equitable tolling of the statutory deadline. See Albert v. Strack, No. 97 Civ. 2978, 1998 WL 9382, at *4 (S.D.N.Y. Jan. 13, 1998) (Sotomayor, D.J.) (citing Sch. Dist. of City of Allentown v. Marshall, 657 F.2d 16, 21 (3d Cir. 1981)) ("ignorance of the law is not grounds for an equitable tolling of the statute of limitations"), rev'd on other grounds, 173 F.3d 843 (2d Cir. 1999); Townsend v. Soc. Sec. Admin., 486 F.3d 127, 134 (6th Cir. 2007) (rejecting equitable tolling because "diligent research would have shown that the Commissioner's [Fed. R. Civ. P.] 60(b) motion did not toll or reset the deadline for appeal and, accordingly, did not toll or reset the EAJA deadline"); see also Sanchez v. Astrue, 273 F. App'x 686, 687 (9th Cir. 2008) (counsel's "failure to periodically check the court's docket to determine whether the district court had filed a judgment amounts at best to a garden variety claim of excusable neglect, which does not entitle her . . . to equitable tolling") (internal quotation marks and brackets omitted).

5

2. Rule 60(b)

Alternatively, counsel seeks relief from the judgment pursuant to Rules 60(b)(1) or 60(b)(6) of the Federal Rules of Civil Procedure. Rule 60(b)(1) provides that "the court may relieve a party or its legal representative from a final judgment, order, or proceeding for . . . mistake, inadvertence, surprise, or excusable neglect." Fed. R. Civ. P. 60(b)(1). Rule 60(b)(6) allows a court to do the same for "any other reason that justifies relief." Id. R. 60(b)(6). Counsel, however, is not entitled to relief under Rule 60 for the same reasons she is not entitled to equitable tolling. See Nemaizer v. Baker, 793 F.2d 58, 62 (2d Cir. 1986) ("[W]e have consistently declined to relieve a client under [Rule 60(b)(1)] of the 'burdens of a final judgment entered against him due to the mistake or omission of his attorney by reason of the latter's ignorance of the law or other rules of the court, or his inability to efficiently manage his caseload.'") (quoting United States v. Cirami, 535 F.2d 736, 739 (2d Cir. 1976)); see also id. at 63 ("As [Rule 60](b)(6) applies only when no other subsection is available, grounds for relief may not be mistake, inadvertence, surprise or excusable neglect.").

Counsel thus is not entitled to fees pursuant to the EAJA.

C. Subsection (b)

1. Timeliness of Application

Subsection (b) permits a court to award a reasonable fee not in excess of twenty-five percent of the recovered past-due benefits for services rendered before the court. 42 U.S.C. § 406(b)(1)(A). Unlike fees awarded under the EAJA, fees awarded

pursuant to Subsection (b) are deducted from the plaintiff's award of past-due benefits rather than being paid by the Government. See Rose v. Barnhart, No. 01 Civ. 1645 (KMW) (RLE), 2007 WL 549419, at *1 (S.D.N.Y. Feb. 16, 2007).

Subsection (b) does not specify a deadline for filing a fee application. Courts consequently have taken different approaches to determining whether a fee application pursuant to Subsection (b) is timely. The Third, Fifth, and Eleventh Circuits have held that a fee application under Subsection (b) must be filed in accordance with Fed. R. Civ. P. 54(d)(2). See Walker v. Astrue, 593 F.3d 274, 280 (3d Cir. 2010); Bergen v. Taylor, 454 F.3d 1273, 1277 (11th Cir. 2006); Pierce v. Barnhart, 440 F.3d 657, 663 (5th Cir. 2006). Under Rule 54(d)(2), a fee application must be filed within fourteen days of judgment. As noted in Walker, however, it is practically impossible for counsel applying for fees under Subsection (b) to comply strictly with the Rule's fourteen-day deadline. As the court explained:

> By its terms, [Subsection] (b) conditions the right to fees on the award of benefits and caps those fees at twenty-five percent of the awarded benefits. Thus a court cannot determine whether a right to a fee award exists and what the value of that fee award should be until the administrative remand proceeding is complete and the amount of benefits is fixed. However, a remand under 42 U.S.C. § 405(g) would rarely, if ever, be completed within fourteen days of the remand order. Therefore, a timely Rule 54(d)(2) motion for fees, filed within fourteen days of the remand order, is necessarily premature; and a similar motion filed after the administrative determination of benefits is most likely untimely.

Walker, 593 F.3d at 278 (footnote omitted).

To avoid the "absurd outcome inherent in applying a deadline that cannot be met," the court in Walker applied the doctrine of equitable tolling, finding that a Subsection (b) application is timely if filed within fourteen days of counsel's receipt of a Notice of Award ("NOA") issued by the Commissioner. Id. at 279-80.[1]

Taking a somewhat different approach, the Tenth Circuit has held that Subsection (b) fee petitions are properly brought pursuant to Rule 60(b)(6). See McGraw v. Barnhart, 450 F.3d 493, 505 (10th Cir. 2006). Applying that Rule, the court found that a petition "should be filed within a reasonable time of the Commissioner's decision awarding benefits." Id. at 505. At least one decision in this District has endorsed the approach taken in McGraw. See Rose, 2007 WL 549419, at *3 n.1.

Applying either approach to this case, counsel's Subsection (b) fee application is timely. Counsel contends, and the Commissioner does not dispute, that the "fully favorable" ruling issued by the Commissioner on February 25, 2011, did not include a calculation of past-due benefits. (See ECF No. 11 ("Pl.'s Mem.") at 8; ECF No. 15 ("Def.'s Mem.") at 16.) The Commissioner subsequently furnished the plaintiff and counsel with an NOA after counsel filed her fee application. (See letter to plaintiff from the SSA, dated Oct. 25, 2011 ("Oct. 25 Letter")). Counsel's fee application therefore is timely insofar as it seeks fees pursuant to Subsection (b).

---

[1] In Bergen and Pierce, the courts found that the applications were timely without any need to toll the filing deadline. See Bergen, 454 F.3d 1277-78 (omitting any discussion of equitable tolling "[b]ecause the Commissioner [did] not object[] to the timeliness of the attorney's fee petitions"); Pierce, 440 F.3d at 664 (court order permitted counsel to file application outside of the fourteen-day period prescribed by Rule 54(d)).

2. <u>Reasonable Fees</u>

a. <u>Failure to Timely Seek Fees Under the EAJA</u>

Although mechanisms exist to overcome the Subsection (b) timing issue, counsel failed to file a timely application for fees under the EAJA, and the Commissioner does not dispute that counsel would have been entitled to EAJA fees had she timely applied for them. (<u>See</u> Def.'s Mem. at 8-10). Accordingly, because a successful application for EAJA fees "saves the plaintiff money[,] [i]f the attorney could have received EAJA fees but failed to apply for them, it is unfair to make the plaintiff bear the burden of this error." <u>Iliceto v. Sec'y of the Dep't of Health and Human Servs.</u>, No. CV-83-2160, 1990 WL 186254, at *1 (E.D.N.Y. Nov. 14, 1990); <u>Losco v. Bowen</u>, 638 F. Supp. 1262, 1268 (S.D.N.Y. 1986) ("Having foregone an opportunity to seek fees from the Secretary under the EAJA, counsel will not be permitted to obtain a bonus for that shortcoming in the form of a premium fee deducted from his client's past-due benefits.").

To prevent plaintiffs from being penalized as a result of counsels' failures to apply for EAJA fees to which they were entitled, courts have either reduced the Subsection (b) award by an amount equal to the foregone EAJA fees, or taken counsels' failures to apply for EAJA fees into account in determining a reasonable fee for their services. <u>Compare</u> <u>Gallo v. Astrue</u>, No. 10-CV-1918, 2011 WL 5409619, at *3 (E.D.N.Y. Nov. 8, 2011) (reducing Subsection (b) award by the maximum amount of EAJA fees that could have been awarded had plaintiff's counsel applied for them); <u>Iliceto</u>, 1990 WL 186254, at *2 (same), <u>with</u> <u>Losco</u>, 638 F. Supp. at 1268 (reducing

counsel's hourly rate to $75 per hour because he failed to apply for EAJA fees to which he was entitled); see also George v. Astrue, No. 04-CV-1545, 2009 WL 197054, at *2 (E.D.N.Y. Jan. 28, 2009) (deducting hours that could have been claimed by counsel in EAJA fee application from Subsection (b) award).

Any Subsection (b) fee award in this case similarly should be reduced to compensate for counsel's failure to file a timely EAJA fee application.

        b.     <u>Reasonable Hours and Rate</u>

Counsel contends that she spent eighteen hours litigating this case before the district court, (George Affirm. ¶ 36), thereby entitling her to fees in the amount of $5,300 or twenty-five percent of the plaintiff's past-due benefits, whichever is less. (Pl.'s Mem. at 12). Of the eighteen hours that counsel worked on the case, 7.9 were spent preparing this fee application. "[T]ime spent preparing an application for approval of an attorney fee award solely based on [Subsection] (b) is not compensable." George, 2009 WL 197054, at *2 (quoting Knagge v. Sullivan, 735 F. Supp. 411, 415 (M.D. Fla. 1990)). Counsel therefore is entitled to Subsection (b) fees only for 10.1 hours worked.

Twenty-five percent of the plaintiff's past-due benefits apparently exceeds $5,300.[2] Accordingly, pursuant to her agreement with the plaintiff, counsel is entitled to

---

      [2]     Although the plaintiff's NOA does not specify the aggregate amount of past-due benefits that she is owed, the monthly payments to which she is entitled appear to total approximately $38,000. (See Oct. 25 Letter at 1). The NOA also indicates that the SSA withheld $8,230.50 from her award "in case we need to pay your lawyer." (Id. at 2). That sum is approximately $1,000 less than twenty-five percent of $38,000, the percentage of an award the SSA "usually" withholds. (See id.).

recover only $5,300. By failing to timely file an application for EAJA fees, however, plaintiff's counsel forfeited a maximum of $3,159.[3] It therefore is appropriate to reduce counsel's Subsection (b) fees by that amount. See Gallo, 2011 WL 5409619, at *3; Iliceto, 1990 WL 186254, at *2.

Although an award of $5,300 for 10.1 hours of work results in an effective rate of approximately $525 per hour, which "may be well above what would be awarded under the lodestar method based on market rates[,] [t]he Court's use of such a rate here is justified by the deference that must be given to the contingency fee agreement." McCown v. Barnhart, No. 06 Civ. 3981 (DAB) (KNF), 2009 WL 996391, at *3 (S.D.N.Y. Mar. 31, 2009) (internal quotation marks omitted) (approving Subsection (b) fees equivalent to $536 per hour) (citing George, 2009 WL 197054, at *2 (finding $542.92 to be a reasonable hourly rate in a SSA action); Blizzard v. Astrue, 496 F. Supp. 2d 320, 323-24 (S.D.N.Y. 2007) (finding $705 to be a reasonable hourly rate in a SSA action)).

Counsel therefore should recover $2,141, which is the difference between the amount she requested pursuant to Subsection (b) ($5,300) and the maximum amount

---

[3] "Attorneys' fees under [the EAJA] are to be awarded at the rate of $125 per hour, adjusted by the consumer price index for the relevant community." Pereira v. Astrue, 739 F. Supp. 2d 267, 272 (E.D.N.Y. 2010). Applying the appropriate consumer price index in this case, counsel could have recovered fees at the rate of $175.50 per hour. (See George Affirm. ¶ 34 & Ex. C). Unlike Subsection (b), the EAJA entitles counsel to fees associated with the preparation of a fee application. See Smith v. Astrue, No. 09-CV-4999, 2011 WL 4056101, at *1 (E.D.N.Y. Sept. 12, 2011). Counsel thus could have recovered EAJA fees in the amount of $3,159 (18 x 175.50) for the hours she worked.

11

that she could have received had she timely applied for EAJA fees ($3,159). This amount should further be offset by any fees that the SSA awarded counsel pursuant to Subsection (a), as her contingency agreement does not permit her to recover more than a total of $5,300 from the plaintiff.

II.     Conclusion

For the foregoing reasons, counsel should be awarded attorney's fees in the amount of $2,141, less any fees that she recovered pursuant to Subsection (a).

III.    Notice of Procedure for Filing of Objections to this Report and Recommendation

The parties shall have fourteen days from the service of this Report and Recommendation to file written objections pursuant to 28 U.S.C. § 636(b)(1) and Rule 72(b) of the Federal Rules of Civil Procedure. See also Fed. R. Civ. P. 6(a) and (d). Any such objections shall be filed with the Clerk of the Court, with courtesy copies delivered to the chambers of the Honorable Loretta A. Preska and to the chambers of the undersigned at the United States Courthouse, 500 Pearl Street, New York, New York 10007, and to any opposing parties. See 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 6(a), 6(d), 72(b). Any requests for an extension of time for filing objections must be directed to Judge Preska. The failure to file these timely objections will result in a waiver of

those objections for purposes of appeal. See 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 6(a), 6(d), 72(b); Thomas v. Arn, 474 U.S. 140 (1985).

Dated:     New York, New York
           April 27, 2012

_____
FRANK MAAS
United States Magistrate Judge

Copies to:

Lisa L. George, Esq.
Law Office of Lisa L. George
41 Schermerhorn Street, Suite 270
Brooklyn, New York 11201

John E. Gura, Jr., Esq.
Assistant United States Attorney
86 Chambers Street
New York, New York 10007